KERN v. THOMPSON STARRETT CO.

(Circuit Court, E. D. Pennsylvania. November 16, 1910.)

No. 1,124.

1. MUNICIPAL CORPORATIONS (§ 821*)—DEFECTIVE SIDEWALKS—DISTANCE—EFFECT—QUESTION FOR JURY.

In an action against an abutting property owner for injuries alleged to have been sustained by a hole in a wooden sidewalk, evidence *held* to require the submission of the existence of the hole to the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 821.*]

2. MUNICIPAL CORPORATIONS (§ 808*) — DEFECTIVE SIDEWALKS — INJURIES — KNOWLEDGE OF DEFECT.

Where a hole in a sidewalk alleged to have caused plaintiff's injury was a defect of original construction, the question of notice to defendant was not material.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1693; Dec. Dig. § 808.*]

3. JUDGMENT (§ 199*)—PETITION FOR JUDGMENT NON OBSTANTE—QUESTIONS NOT RAISED AT TRIAL.

Where, in an action against an abutting property owner for injuries caused by an alleged defect in a city sidewalk, no objection was made at the trial that there was a lack of evidence to charge defendant with notice of the defect, such objection could not be raised for the first time on a motion for judgment non obstante.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 367–375; Dec. Dig. § 199.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by Grace A. Kern against the Thompson Starrett Company. On defendant's motion for judgment notwithstanding the verdict. Denied.

Henry B. Tawresey, for plaintiff.
Maurice W. Sloan, for defendant.

J. B. McPHERSON, District Judge. The defendant does not ask for a new trial, and in my opinion it is quite clear that the motion for judgment cannot be granted. Two witnesses testified directly that a hole in the wooden sidewalk existed, and although the defendant offered a good deal of testimony to the contrary the question was necessarily for the jury.

The only question that is seriously raised by the motion relates to the lack of evidence from which the defendant's knowledge of the defect might be inferred; but as no such question was raised at the trial, either in the examination of the witnesses, or in the argument of counsel, or in requests to the court for instruction, it is obviously too late to raise it now. It may be said, however, that even if the question were properly before the court the plaintiff's evidence tended to show that the hole in the sidewalk was a defect of original construction, and if this be so it is clear that the rules relating to actual or constructive notice have no application.

The motion for judgment notwithstanding the verdict is refused.